E-FILED
Wednesday, 06 June, 2018  11:35:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GLENN E. HURN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-01403-JBM |
| | ) |
| STEVE KALLIS, | ) |
| | ) |
| Respondent. | ) |

## ORDER & OPINION

This matter is before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Glenn Hurn. The petition has been fully briefed. For the reasons stated below, the petition is DENIED.

### BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. Sometime in 1997, Hurn was convicted by general court-martial of rape, forcible sodomy, indecent acts, 4 specifications of assault, and indecent assault, all involving a child under 16 years of age, in violation of Articles 120, 121, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 921, 925, 928, and 934. *United States v. Hurn*, 55 M.J. 446, 447 (C.A.A.F. 2001). Hurn was sentenced to life in prison.

Hurn appealed his conviction to the U.S. Navy-Marine Corps Court of Criminal Appeals asserting fifteen assignments of error, only six of which were commented on by the appeals court: (1) the military judge erred under *Batson v. Kentucky*, 476 U.S.

79 (1986) by granting the trial counsel's peremptory challenge against the only non-Caucasian member of the court-martial; (2) because Hurn suffered from a mental disease or defect and was unable to appreciate the nature and wrongfulness of his action, the evidence was factually insufficient to sustain his conviction; (3) excessive sentence; (4) the military judge erred when he denied Hurn's motion for the services of a mitigation specialist; (5) ineffective assistance of counsel for counsel's failure to object to the denial of the mitigation specialist; and (6) the military judge erred by instructing the members that a personality disorder could not constitute a severe mental disease or defect. The Court of Criminal Appeals denied all six claims on the merits. *United States v. Hurn*, 52 M.J. 629 (N-M. Ct. Crim. App. 1999). The remaining nine assignments of error raised ineffective assistance of counsel pursuant to *U.S. v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), but the Court of Criminal Appeals summarily held that those assignments had no merit. *Hurn*, 52 M.J. at 630.

On September 27, 2001, the U.S. Court of Appeals for the Armed Forces set aside the decision by the U.S. Navy-Marine Corps Court of Criminal Appeals. *U.S. v. Hurn*, 55 M.J. 446, 450 (C.A.A.F. 2001). It remanded the record to the Judge Advocate General of the Navy for submission to a convening authority to reconsider Hurn's *Batson* challenge. *Id.* Following the military judge's finding on remand that the subject peremptory challenge was race-neutral, the U.S. Court of Appeals for the Armed Forces affirmed Hurn's convictions and sentence. *U.S. v. Hurn*, 58 M.J. 199 (C.A.A.F. 2003). Hurn filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 14, 2003. *Hurn v. U.S.*, 540 U.S. 949 (2003).

On May 6, 2005, Hurn filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with the District of Kansas arguing ineffective assistance of counsel for defense counsel's failure to inform Hurn of his right to a speedy trial and for his failure to file a motion for speedy trial violations. *Hurn v. McGuire*, No. 04-3008, 2005 WL 1076100 (D. Kan. 2005). The District of Kansas dismissed Hurn's petition because the military courts were presented with and considered the issues raised in Hurn's § 2241 petition. *Id.* The Tenth Circuit affirmed the district court's dismissal of Hurn's § 2241 petition. *Hurn v. McGuire*, No. 05-3206, 2006 WL 367846 (10th Cir. 2006).

In December 2014, Hurn sent an Application for Correction of Military Record to the Department of the Navy, Board for Corrections of Naval Records ("BCNR"), asking that his enlistment contract be declared void, that he not be subject to the Uniform Code of Military Justice ("UCMJ") for the duration of his military service, and that his court-martial proceedings be removed from his Official Military Personnel File. (Doc. 8-2 at 4-5). On July 18, 2016, the BCNR issued a decision denying Hurn's application on the merits, even though Hurn's application was untimely filed. *Id.* at 1-3. The Board found "the evidence submitted was insufficient to establish the existence of probable material error or injustice." *Id.* at 1. The Board determined that Hurn's 1992 enlistment contract with the Marine Corps was valid, that Hurn certified at the time of signing that he understood its content and terms, and that he agreed to subject himself to the UCMJ as a member of the Armed forces. *Id.* at 2.

On September 5, 2017, Hurn filed the instant § 2241 petition—his second one. (Doc. 1). By the instant Petition, Hurn challenges (1) the BCNR's decision that Hurn's Enlistment Contract was valid; (2) the BCNR's determination that Hurn understood the Enlistment Contract's terms and content; (3) the BCNR's determination that Hurn agreed to subject himself to UCMJ as a member of the Armed Forces; (4) the BCNR's determination that Hurn's statements did not overcome the presumption of regularity; (5) the BCNR's findings that the evidence Hurn submitted was insufficient to establish the existence of material error or injustice; and (6) the BCNR's refusal to correct Hurn's record. (Doc. 2 at 1-2). He also argues that 10 U.S.C. § 802, Article 2(a)(b)(c) is unconstitutional "because it changes Petitioner's legal status which deprives Petitioner of Constitutional Rights and Article III procedural protections constitutionally mandated in trials for purely civilian offenses without due process." *Id.* at 51.

The Government filed its Amended Response on February 27, 2018 (Doc. 10), and Hurn filed his Reply on May 30, 2018 (Doc. 16).[1] Thus, this matter is ripe for decision.

## PRELIMINARY PROCEDURAL CONSIDERATIONS

Typically, federal prisoners who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638,

---

[1] The Court entered an Order & Opinion on March 14, 2018, denying Hurn's § 2241 Petition. (Doc. 11). However, the Court realized that it jumped the gun and denied Hurn's petition before giving him an opportunity to reply. *See* 9/21/2017 Text Order (permitting Hurn to file a reply 21 days after the Government filed its response). Thus, in the interest of fairness to Hurn and because the Government relied on affirmative defenses, the Court entered an Order on March 20, 2018, vacating the March 14, 2018, Order & Opinion and giving Hurn time to file a reply. (Doc. 14). Hurn then requested an extension of time to May 30, 2018, in which to do so. (Doc. 1).

640 (7th Cir. 2012). Prisoners may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The Seventh Circuit's decision in *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998), articulated three conditions that a petitioner must meet in order to file a § 2241 petition instead of a § 2255 motion. This case is unique, however, because Hurn was convicted by court-martial. The Court has not located any cases in this circuit that address whether Petitioners who have been convicted in military court must also meet the requirements of *In re Davenport* to file a § 2241 petition, and the Government does not address this issue in its response.

However, the Supreme Court has stated that petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 are a permissible method for members of the United States Armed Forces to seek federal civil court review of court-martial convictions. *Clinton v. Goldsmith*, 526 U.S. 529, 537 n. 11 (1999) ("And of course, once a criminal conviction has been finally reviewed within the military system, and a service member in custody has exhausted other avenues provided under the UCMJ to seek relief from his conviction . . . he is entitled to bring a habeas corpus petition, *see* 28 U.S.C. § 2241(c), claiming that his conviction is affected by a fundamental defect that requires that it be set aside."); *Burns v. Wilson*, 346 U.S. 137, 139 (1953); *United States v. Augenblick*, 393 U.S. 348, 350 n. 3 (1969); *see Tartt v. Sec'y of Army*, 841 F.Supp. 236, 238 (N.D. Ill. 1993) ("*Habeas corpus* relief is the 'well-established and appropriate jurisdictional route' for a federal court to review decisions by the

military that restrict the freedom of a member of the service.") (quoting *Leonard v. Dep't of the Navy*, 786 F.Supp. 82, 87 (D. Me. 1992)).

Furthermore, at least two Circuit Courts of Appeals have held that 28 U.S.C. § 2241 is the only available avenue for court-martial convicts to collaterally attack their convictions. Section 2255 "is intended to be an avenue of relief to be pursued before the court which imposed sentence." *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). But courts-martial proceedings "dissolve after the purpose for which they were convened has been resolved. As a result, there is not a sentencing court in which a military prisoner may bring a § 2255 motion." *Witham*, 355 F.3d at 505; *Gilliam v. Bureau of Prisons*, No. 99-1222, 2000 WL 268491, *1 (8th Cir. Mar. 10, 2000) ("Strictly speaking, a person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist.") (citing *United States v. DuBay,* 37 C.M.R. 411, 413 n. 2 (C.M.A.1967) (noting that, unlike the civil courts, the court-martial structure does not allow for consideration of collateral issues by the trial court)); *see also Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) ("[R]esort to § 2241 is the norm rather than the exception when a military prisoner seeks to challenge the results of his [court-martial]."); *Ehlers v. United States*, No. 11-cv-882, 2011 WL 4626163, *1 (S.D. Cal. Oct. 6, 2011) ("§ 2241 is the only avenue provided by the habeas statutes for a military prisoner to collaterally attack a court-martial conviction.").

The Court is therefore satisfied that Hurn may bring the instant petition under § 2241 to challenge his court-martial conviction without satisfying the requirements of *In re Davenport*.

## LEGAL STANDARD

Article I of the Constitution authorizes Congress to subject persons in the military to trial by court martial for military offenses. *Toth v. Quarles*, 350 U.S. 11, 14 (1955). Military courts "have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." *Burns v. Wilson*, 346 U.S. 137, 142 (1953).

"[I]n military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." *Id.* at 139. The Tenth Circuit described a district court's scope of review of a military habeas corpus as follows:

> "'When a military decision has dealt fully and fairly with an allegation raised in [a habeas] application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence.'" *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010) (quoting *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). If the military courts fully and fairly consider a habeas claim, the district court may not review the claim. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003). If the claim was not raised in the military courts, it is waived and may not be considered absent a showing of cause and actual prejudice. *See id.* Only if the claim was raised in the military courts but not given full and fair consideration will 'the scope of review by the federal civil court expand.' *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 811 (10th Cir. 1993).

*Squire v. Ledwith*, 674 F.App'x 823, 826 (10th Cir. 2017); *see Narula v. Yakubisin*, 650 F.App'x 337, 338 (9th Cir. 2016) ("Absent a showing of cause and prejudice, constitutional challenges to court-martial convictions are waived when not raised on direct appeal in the military courts."). District courts on military habeas review may address whether the military court had jurisdiction to hear the case. *Burke v. Nelson*, 684 F. App'x 676, 678 (10th Cir. 2017). Additionally, "[m]ilitary prisoners must

exhaust military remedies before seeking relief in federal court." *Narula*, 650 F. App'x at 338.

## DISCUSSION

Hurn's § 2241 petition purports to be challenging, in various ways, the BCNR's decision denying his application for correction of military records. However, the first fifty-nine pages of Hurn's affidavit in support of his petition argue that the military committed fraud by failing to disclose to him that he would waive certain constitutional protections afforded to civilians. Hurn never raised any issue concerning his military contract and its validity or any issue concerning fraud on the military's behalf before the military court or on direct appeal. Hurn also never challenged 10 U.S.C. § 802, article 2(a)(b)(c) or other military procedures as unconstitutional before the military court or on direct appeal. Hurn's fraud and Title 10 arguments are therefore waived. *See Narula*, 650 F. App'x at 338; *Squire*, 674 F.App'x at 826; *Martinez v. United States*, 914 F.2d 1486, 1488 (Fed. Cir. 1990); *Faison v. United States*; No. 13-540, 2016 WL 922255, *4 (N.D. Fla. Jan. 6, 2016); *Fernandez v. Nickels*, 106 F.Supp.2d 1214, 1216 (D. Kan. 2000).

Absent a showing of good cause and prejudice, Hurn's failure to raise his claims in the military court system bars him from raising them in federal court. *Narula*, 650 F. App'x at 338; *Squire*; 674 F.App'x at 826; *Martinez,* 914 F.2d at 1488. Hurn's nonsensical, 150-page affidavit fails to allege any reason, let alone good cause, for his failure to raise these issues before the military courts. (Doc. 2). His fraud and Title 10 claims are therefore waived and cannot be raised for the first time here.

Hurn also failed to raise Title 10 and fraud issues in his first § 2241 petition before the District of Kansas. The Government has raised the affirmative defense of abuse of the writ. *See Robinsin v. Fairman*, 704 F.2d 368, 370 (7th Cir. 1983) ("Abuse of the writ is an affirmative defense which must be pleaded by the respondent."). A habeas petitioner may abuse the writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first". *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). In *Holleman v. Cotton*, 301 F.3d 737, 742-48 (7th Cir. 2002), the Seventh Circuit affirmed dismissal of a second § 2254 petition as an abuse of writ where the petitioner could not show cause and prejudice for failing to bring the two new claims in his first § 2254 petition. Likewise, in *Arnaout v. Marberry*, 351 F.App'x 143, 144 (7th Cir. 2009), the Seventh Circuit dismissed a second § 2241 habeas petition as an abuse of writ because the second § 2241 petition raised the same arguments as Petitioner's first § 2241 petition. Arnaout did not contend that the law changed or that new facts have come to light so his petition was properly dismissed with prejudice. *Id.* at 144-145.

So to here, Hurn does not allege that new facts came to light or that the law has changed since his first § 2241 petition; in other words, he does not allege cause or prejudice for failing to raise these issues in his first § 2241 petition. Hurn's conviction and sentence was affirmed on appeal in 2003—approximately fifteen years ago. The Tenth Circuit affirmed dismissal of Hurn's first § 2241 in 2006—approximately twelve years ago. The abuse-of-writ doctrine flows from concerns of repeated attempts to affect a criminal judgment's finality. *See McCleskey*, 499 U.S. at 490-91. The amount of time that has lapsed since Hurn's conviction and first § 2241

petition only lends further support that the instant § 2241 petition, insofar as it raises claims that Hurn could have raised in his first § 2241 petition, constitutes an abuse of writ.

The remainder of Hurn's claims challenge the BCNR's determination that his enlistment contract was valid and its refusal to correct Hurn's military record. Typically, a plaintiff challenging an administrative military decision "will find the doors of the federal courthouse closed pending exhaustion of available administrative remedies." *Champagne v. Schlesinger*, 506 F.2d 979, 983 (7th Cir. 1974). Because Hurn exhausted his right to bring his claims before the BCNR, it appears that he has exhausted his administrative remedies related to his BCNR claims. *See id.*

However, a petition for habeas corpus is likely not the proper mechanism by which Hurn should be challenging the BCNR's administrative decision. Rather, Hurn's suit should have been brought under the Administrative Procedure Act or 10 U.S.C. § 1552, which courts have interpreted to provide for judicial review of military board decisions. *See Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *see also Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (habeas corpus petitioner's challenge to prison rule denying him eligibility for work release was more akin to civil rights action than habeas corpus action); *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) (expressing doubt about whether a prisoner's action that challenges his placement in segregation rather than general population should be brought as a 2254); *United States* ex rel. *Brandon v. United States*, 433 F.Supp.2d 931 (N.D. Ill. 2006). "[A] petition for habeas corpus may not be 'converted' into a civil suit". *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004). Nonetheless, even if Hurn

10

brought a traditional civil action to challenge the BCNR's decision, his claim would fail on the merits.[2]

10 U.S.C. § 1552 created the BCNR, which has broad equitable powers to correct a serviceman's records where necessary to correct an error or to remove an injustice. *Perez v. United States*, 850 F.Supp.1354, 1359 (N.D. Ill. 1994); *see also Chappell*, 462 U.S. at 301–303; *Knehans v. Alexander,* 566 F.2d 312, 315 (D.C. Cir. 1977), *cert. denied,* 435 U.S. 995 (1978). "[Military] Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence." *Chappell*, 462 U.S. at 303. A military agency's decision "will not be reversed when an agency acted within the scope of its lawful authority and when it considered all relevant factors and articulated a rational basis for its choice." *Harmon v. United States*, No. 05 C 6771, 2006 WL 3718033, at *2 (N.D. Ill. Dec. 15, 2006).

Hurn argues that the BCNR failed to address all of his arguments and, essentially, that the BCNR's decision was not supported by substantial evidence. (Doc. 2-1 at 13-14). Petitioner contends he was never given notice by the military recruiters that by signing his military contract he would waive some constitutional protections afforded civilians. *Id.* The Court disagrees, and finds that the Board's decision was supported by substantial evidence.

---

[2] In *Graham*, the Seventh Circuit explained that a district court judge was right to consider the merits of a civil suit mislabeled as a habeas corpus suit. 922 F.2d at 381-82. "If a prisoner who should have asked for habeas corpus misconceives his remedy, brings a civil rights suit, and fails to exhaust his state remedies, his suit must be dismissed. But if, as in this case, he asks for habeas corpus when he should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored." *Id.* Because Hurn has apparently exhausted his administrative remedies before the BCNR, the Court will consider the merits of his claim.

11

Initially, the Court points out that the BCNR considered Hurn's application for correction of military record on the merits even though it was not required to do so. Hurn's application was untimely, but the BCNR found "it in the interest of justice to waive the statute of limitations and consider" the merits. (Doc. 8-2 at 1). Contrary to Hurn's contention, it appears that the BCNR considered all of his arguments. Specifically, when making its determination, the Board recounted all of Hurn's arguments: (1) breach of covenant of good faith and fair dealings by the military recruiter; (2) breach of fiduciary duty; (3) deprivation of due process; (4) fraud, concealment and nondisclosure; (5) misleading, misrepresentation, and failure to disclose by Hurn's recruiter; (6) reliance on unenforceable contract; (7) deprivation of Constitutional rights; and (8) overall injustice and unconstitutionality. *Id.* at 2.

The BCNR explained what evidence it relied on in making its decision: Hurn's affidavit in support, his enlistment contract, and Hurn's allegations of error, legal deficiency in the enlistment contract, and injustice. *Id.* The Board held that Hurn signed his military enlistment contract on December 17, 1992, and that paragraph 13a of the contract stated that Hurn certified he had carefully read the document and that any questions were explained. *Id.* The contract also stated that as a member of the Armed Forces, Hurn would be subject to the military justice system. *Id.* The Board stated that it "carefully weighed all potentially mitigating factors, such as your assertions that you were wrongfully mislead by your recruiter to your detriment." *Id.* But the Board determined that Hurn's arguments and statements did not overcome the presumption of regularity or the contract's validity in light of the aforementioned provisions in his enlistment contract. *Id.*

When making its decision, all the BCNR was required to do was "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (internal citation omitted); *Perez*, 850 F.Supp. at 1366. Furthermore, in cases involving military personnel decisions, "the military is entitled to substantial deference in the governance of its affairs." *Antonellis v. United States*, 723 F.3d 1328, 1332 (Fed. Cir. 2013); *Cooney v. Dalton*, 877 F.Supp. 508, 510 (D. Haw. 1995). The BCNR examined Hurn's enlistment contract and pointed to the relevant portions of the contract that supported a finding that Hurn was *not* mislead by his recruiter and that Hurn *knew* he was waiving certain constitutional rights and that he would be subject to military court jurisdiction when he enlisted.[3] It was within the Board's discretion to hold that Hurn's assertions, which were presented to the Board nearly **twenty-two years** after he signed his enlistment contract, were insufficient to invalidate his contract and court-martial conviction. *See Perez*, 850 F.Supp. at 1366 ("It was well within the discretion of the administrative board to credit one side or the other.").

## CONCLUSION

---

[3] In *Riser v. United States,* the United States Court of Federal Claims noted that plaintiff has the burden to show that the decision by a military board was arbitrary and capricious, contrary to law, or unsupported by substantial evidence, and that, in accordance with this deferential standard of review, the court does not reweigh the evidence, "but rather considers whether *the conclusion being reviewed* is supported by substantial evidence. So long as the Board considered the relevant evidence and came to a reasonable conclusion, this court will not disturb the Board's decision." *Riser v. United States,* 97 Fed.Cl. 679, 683–84 (2011) (quoting *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983)).

For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, Petitioner's § 2241 Petition (Doc. 1) is DENIED.

SO ORDERED.

CASE TERMINATED.

Entered this 6th day of June, 2018.

                                                  s/ Joe B. McDade
                                              JOE BILLY McDADE
                                     United States Senior District Judge