UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GLENN E. HURN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-cv-1403 |
| STEVE KALLIS, | ) ) ) |
| Respondent. | ) |

# ORDER & OPINION

This matter is before the Court on a "Petition for Reconsideration" under Federal Rule of Civil Procedure 59(e), (Doc. 19), and a "Motion to Substitute Party," (Doc. 20), filed by Glenn Hurn. For the reasons stated below, both motions are DENIED.

### DISCUSSION

In 1997, a general court-martial convicted Hurn of rape, forcible sodomy, indecent acts, four specifications of assault, and indecent assault, all involving a child under 16 years of age. (Doc. 17 at 1). The court-martial sentenced Hurn to life in prison. After several appeals, the U.S. Court of Appeals for the Armed Forces affirmed Hurn's convictions and sentence. *See United States v. Hurn*, 58 M.J. 199 (C.A.A.F. 2003), *cert. denied*, 540 U.S. 949 (2003).

In an attempt to challenge his court-martial convictions, Hurn sent an Application for Correction of Military Record to the Board for Corrections of Naval Records ("BCNR") in December 2014, asking that his enlistment contract be declared void, that he not be subject to the Uniform Code of Military Justice ("UCMJ") of the

duration of his military service, and that his court-martial proceedings be removed from his Official Military Personnel File. (Doc. 8-2 at 4-5). On July 18, 2016, the BCNR denied Hurn's application on the merits. *Id.* at 1-3. The BCNR reasoned that Hurn's 1992 enlistment contract was valid, that Hurn certified that he understood its content and terms, and that he agreed to subject himself to the UCMJ as a member of the Armed Forces. *Id.* at 2.

On September 5, 2017, Hurn filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 with this Court. (Doc. 1). In his petition, Hurn challenged the BCNR's decision related to his application to correct military record. (Doc. 17 at 4). He also argued that his enlistment contract was fraudulent and that 10 U.S.C. § 802, Article 2(a)(b)(c), is unconstitutional "because it changes Petitioner's legal status which deprives Petitioner of Constitutional Rights and Article III procedural protections constitutionally mandated in trials for purely civilian offenses without due process." *Id.*

On June 6, 2018, this Court denied Hurn's petition. (Doc. 17). The Court held that Hurn waived his arguments concerning his military contract and its validity, as well as his arguments challenging § 802 as unconstitutional, because he did not show good cause for failing to raise those arguments before the court-martial or on direct appeal. *Id.* at 8. The Court also found that Hurn abused the writ for attempting to raise arguments he could have raised in his first § 2241 petition before the District of Kansas. *Id.* at 9. Lastly, the Court found that the BCNR's 2016 administrative decision denying Hurn's application to correct his military record was supported by substantial evidence. *Id.* at 11-13.

On June 19, 2018, Hurn filed a "Petition for Reconsideration" pursuant to Rule 59(e), asking that this Court alter or amend its June 6, 2018, Order & Opinion. (Doc. 19). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). Relief pursuant to a Rule 59(e) motion is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Habeas petitioners like Hurn cannot use Rule 59(e) as a way to relitigate issues already addressed and denied by the Court. *See Barnes v. Lashbrook*, No. 16-798, 2017 WL 2574021, at *1 (S.D. Ill. June 14, 2017), *appeal dismissed sub nom.*, No. 17-2370, 2017 WL 6762224 (7th Cir. July 18, 2017).

In the vast majority of his motion, Hurn simply repeats arguments he already raised in his § 2241 petition. (*See* Doc. 19 at 1-4). Instead of alleging that <u>this Court</u> made manifest errors of law or fact, Hurn alleges that <u>the BCNR</u> made manifest errors of law or fact in denying his Application for Correction of Military Record. *Id.*; *see Cincinnati Life Ins. Co.*, 722 F.3d at 954 ("A Rule 59(e) motion will be successful only where . . . <u>the court</u> commit[s] a manifest error.").

3

Hurn asserts that the Court "did not scrutinize the facts to make its own determination" independent of the BCNR's determination and thus erred in "Rubber-Stamping the BCNR's decision." (Doc. 19 at 4). Hurn does not provide any legal support showing that this Court committed manifest error in giving substantial deference to the BCNR's determination. And, in any event, Hurn is incorrect. The Court is not allowed to substitute its judgment for the BCNR's and make an "independent" determination of the facts. To the contrary, as explained in the Order & Opinion, military board decisions can be set aside only if they are arbitrary, capricious or not based on substantial evidence. (Doc. 17 at 11). The military is entitled to substantial deference in military personnel decisions. *Id.* at 13. The Court did not apply the wrong legal standard, and Hurn's Motion for Reconsideration (Doc. 19) is therefore denied.

Hurn's Motion to Substitute Party (Doc. 20) is also denied, as Hurn cannot "substitute" the BCNR as Respondent on appeal in a habeas corpus proceeding.

## Conclusion

For the reasons stated above, Hurn's "Petition for Reconsideration" (Doc. 19) and Motion to Substitute Party (Doc. 20) are DENIED.

Entered this 28th day of June, 2018.

                                                    s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                        United States Senior District Judge